IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

K.H.B. by and through his father, K.D.B., individually, and on behalf of similarly situated individuals,

    Plaintiff,

  v.

UNITEDHEALTHCARE INSURANCE COMPANY,

    Defendant.

No. C 18-04175 WHA

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO PERMIT PLAINTIFF TO PROCEED UNDER PSEUDONYM AND GRANTING IN PART AND DENYING IN PART MOTION TO FILE UNDER SEAL**

**INTRODUCTION**

In this ERISA action, plaintiff moves to permit plaintiff and plaintiff's father to proceed under pseudonyms. Plaintiff also moves to file under seal the unredacted declaration of plaintiff's father. For the reasons explained below, both motions are **GRANTED IN PART AND DENIED IN PART**.

**STATEMENT**

Plaintiff K.H.B. suffers from severe mental health and substance abuse conditions. In 2016, plaintiff was hospitalized due to a second attempt to commit suicide. Plaintiff subsequently enrolled in a wilderness recovery program in Utah. As plaintiff was a minor at the time, his health insurance coverage was provided through his father, K.D.B. Plaintiff's father's insurance provider declined to cover the wilderness program. Following an extended administrative appeals process, plaintiff's father brought this ERISA action on plaintiff's behalf

1  against plaintiff's father's insurance provider — defendant United Healthcare, seeking coverage
2  for the Utah wilderness program (Dkt. No. 34 at 2).

Plaintiff now moves for an order permitting both plaintiff and plaintiff's father to litigate this case using their initials as pseudonyms and directing all parties to redact their names and all personally identifying information (such as addresses and social security numbers) from any publically filed documents. In addition, plaintiff moves to file under seal the unredacted declaration of plaintiff's father.

**ANALYSIS**

FRCP 10 requires that "the title of the complaint must name all the parties." This rule reflects the "paramount importance of open courts" such that the "default presumption is that plaintiffs will use their true names." *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1046 (9th Cir. 2010). In this circuit, parties may use pseudonyms in unusual cases when nondisclosure of the party's identity is necessary "to protect a person from harassment, injury, ridicule or personal embarrassment." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067–68 (9th Cir. 2000) (quoting *United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1981)). Moreover, a "party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id.* at 1068.

Plaintiff brings this action as an adult, causing previously private facts to become public. Beyond the present harms to plaintiff's privacy interest, plaintiff fears potential future harms of social stigma and psychological trauma (Dkt. No. 33 at 3). When plaintiff was still a minor, he had more than one suicide attempt, was diagnosed with several mental illnesses, and had issues with substance abuse (Dkt. No. 34 at 1–2). The extremity of these facts coupled with the verity that the facts underlying this action occurred when plaintiff was a minor, creates an interest for plaintiff that this history should not follow plaintiff for the rest of his life. Moreover, defendant does not oppose the use of a pseudonym (Dkt. No. 33 at 4).

Although plaintiff is no longer a minor (Dkt. No. 33 at 2), and so the heightened anonymity protections automatically applicable to minors do not apply here, plaintiff still has a

2

strong interest in anonymizing these proceedings. Moreover, a denial here would incentivize insurance providers to implement a business strategy that tilts towards denying socially stigmatizing claims, forcing claimants to litigate the stigmatizing claims publically or elect to not pursue recovery. Justice does not warrant such a conclusion.

Thus, plaintiff's motion to permit plaintiff to proceed under pseudonym is **GRANTED IN PART AND DENIED IN PART**. Plaintiff may proceed under his initials. Plaintiff's father may proceed under his full first name and last initial, but may not proceed under his initials. Pursuant to Local Rule 79-5(b), "no document may be filed under seal . . . except pursuant to a court order that authorizes the sealing of the particular document, or portions thereof." Accordingly, a specific court order is required each time plaintiff seeks to redact personal information going forward.

Plaintiff's motion to file under seal the unredacted declaration of plaintiff's father is **GRANTED** as to plaintiff's father's last name and signature, but **DENIED** as to plaintiff's father's first name.

**IT IS SO ORDERED.**

Dated: August 24, 2018.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE